UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

ROY C. BARTLETT
and RANDI BARTLETT,

                  Plaintiffs,

      v.

NATIONWIDE MUTUAL
FIRE INSURANCE COMPANY,

                  Defendant.

**DECISION AND ORDER**
12-CV-435-A

---

This insurance coverage dispute arises from a fire on April 22, 2010 that destroyed the residence of the plaintiffs, Roy C. Bartlett and Randi Bartlett (the "Bartletts"), in Portageville, New York. The Bartletts allege the defendant, Nationwide Mutual Fire Insurance Company ("Nationwide"), breached the terms of a homeowner's insurance policy defendant Nationwide sold to the Bartletts by refusing to pay losses covered under the insurance policy caused by the fire. The Bartletts also allege defendant is liable for consequential damages they suffered.

The case was removed from state court pursuant to 28 U.S.C. § 1441, *et seq.,* and is pending on diversity jurisdiction under 28 U.S.C. § 1332. It is now before the Court on a motion by defendant Nationwide pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss claims brought by the Bartletts for failure to state a claim upon which relief can be granted.

In general, defendant Nationwide contends that claims asserted by the Bartletts to recover consequential damages for defendant's breach of the implied covenant of good faith and fair dealing in the insurance policy, and for engaging in deceptive business practices in violation of New York General Business Law § 349, are invalid as a matter of law. For the reasons stated below, the Court grants, without prejudice, defendant's motion to dismiss the Bartletts' claims alleging breach of a covenant of good faith and fair dealing in the insurance policy and alleging deceptive business practices.

## BACKGROUND

When deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b), the Court accepts the allegations in a complaint as true. *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). A claim will not be dismissed if plaintiffs have alleged "enough facts to state a claim for relief that is plausible on its face." *Bell Atl. Corp., v. Twombly,* 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. *at* 678.

However, the principle that the Court must accept the factual allegations in a complaint as true when deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b) "is inapplicable to legal conclusions." *Twombly,* 550 U.S. *at* 678. A complaint that alleges only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555. If plaintiffs "have not nudged their claims across the line from conceivable to plausible, their

complaint must be dismissed." *Id.* at 570.

The April 22, 2010 fire at the Bartletts' home in Portageville, New York, destroyed the residence and personal property located within it. The Bartletts were named insureds under a homeowner's insurance policy issued to them by defendant Nationwide. The Bartletts allege they suffered losses under the policy and consequential damages caused by defendant of more than $432,000.

More specifically, the Bartletts bring claims against defendant Nationwide for breach of contract for failing to pay $337,563.72 for the lost value of the dwelling and personal property destroyed in the fire. Defendant made one payment under the insurance policy to plaintiffs of $5,000.[1] Plaintiffs seek the unpaid $332,563.72, with interest, for property losses on their breach of contract theory.

The Bartletts also allege defendant Nationwide breached an implied covenant of good faith and fair dealing in the insurance policy by failing to pay their losses under the policy. They seek consequential damages of approximately $100,000 for the alleged breach of the covenant of good faith and fair dealing.

Finally, the Bartletts allege defendant Nationwide engaged in deceptive acts and practices in violation of New York General Business Law § 349 by inordinately delaying and denying plaintiffs' loss payments under the policy. The alleged damages under their deceptive-practices theory include consequential damages and match the more than $432,000 claimed on their theory of a breach of the implied

---

[1] The complaint is unclear, but it implies defendant paid some living expenses of the Bartletts, too.

covenant of good faith and fair dealing in the insurance policy.

## DISCUSSION

Since the case is pending on diversity jurisdiction, 28 U.S.C. § 1332(a), state substantive law applies. *Gasperini v. Ctr. for Humanities, Inc.,* 518 U.S. 415, 427 (1996). The Court applies settled New York law as it has been interpreted by New York courts and "carefully predict[s]" how New York courts would rule on any uncertain substantive-law questions. *Runner v. N.Y. Stock Exch., Inc.,* 568 F.3d 383, 386 (2d Cir. 2009) (*quoting Travelers Ins. Co. v. Carpenter,* 411 F.3d 323, 329 (2d Cir. 2005)). For the reasons that follow, the Court finds the Bartletts' bad-faith claim, deceptive practices claim, and claims for consequential damages, are invalid under New York law.

<u>The Claim of Breach of the Implied Covenant of Good Faith and Fair Dealing is Dismissed.</u>

It is firmly-settled that New York does not "recognize a separate cause of action for breach of the implied covenant of good faith and fair dealing when a breach of contract claim, based upon the same facts, is also pled." *Harris v. Prudential Life & Acc. Ins. Co.,* 310 F.3d 73, 81 (2d Cir. 2002); *see e.g., Fasolino Foods Co., v. Banca Nazionale del Lavaoro,* 961 F.2d 1052, 1056 (2d Cir. 1992). Under New York law, "implicit in contracts of insurance is a covenant of good faith and fair dealing." *Commerce and Indus. Ins. Co. v. U.S. Bank Nat'l Ass'n,* 2008 WL 4178474 *3 (S.D.N.Y. 2008) (*quoting Bi-Economy Mkt., Inc. v. Harleysville Ins. Co. of N.Y.,* 10 N.Y.3d 187, 194 (N.Y. 2008)). The "parties to an express contract are

bound by an implied duty of good faith, but breach of that duty is merely a breach of the underlying contract." *Harris,* 310 F.3d at 80 (*quoting Fasolino Foods Co.,* 961 F.2d *at* 1056). A claim for breach of implied covenant of good faith and fair dealing will "be dismissed as redundant where the conduct allegedly violating the implied covenant is also the predicate for breach of covenant of an express provision of the underlying contract." *Id. at* 80 (*quotation omitted*).

Defendant Nationwide moves pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss the Bartletts' claim for consequential damages for breach of the implied covenant of good faith and fair dealing in their insurance policy on the ground that the claim is not viable under New York law. The Bartletts' first cause of action alleges that defendant "breach[ed] the covenant of good faith and fair dealing implicit in the insurance policy," by failing to pay plaintiffs' loss claims made pursuant to the terms of the insurance policy, plus additional living costs and costs of debris removal and cleanup. Plaintiffs allege no distinct facts supporting a cause of action for a breach of the implied covenant of good faith and fair dealing in the insurance policy. They allege no facts supporting their theory of extra-contractual liability for consequential damages.

Well-pleaded allegations in a complaint must tender more than "'naked assertion[s]' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (*quoting Twombly,* 550 U.S. at 555, 557). Because settled New York law does not ordinarily recognize extra-contractual liability for consequential damages for conduct alleged as a breach of contract, defendant's motion to dismiss

5

this claim is granted.

New York law does recognize a cause of action for an insurer's extra-contractual bad faith upon well-pleaded allegations that: (1) the insurer denied coverage as a result of "gross negligence"; and (2) the insurer lacked even an "arguable" basis for denying coverage under the standards of a reasonable insurer. *See Sukup v. State,* 19 N.Y.2d 519 (N.Y. 1967).  However, the Bartletts fail to allege facts to state such a cause of action for bad faith.  They allege no other facts to support a recovery of consequential damages on their breach of contract cause of action.  *See Bi-Economy Mkt., Inc.,* 10 N.Y.3d *at* 194 (N.Y. 2008); *Sukup,* 19 N.Y.2d *at* 519; *see e.g., Haym Salomon Home for the Aged, LLC v. HSB Grp., Inc.,* 2010 WL 301991, at *5–6 & n.1 (E.D.N.Y. Jan. 20, 2010).  The Court therefore dismisses so much of the Bartletts' first cause of action as purports to allege a claim for breach of the implied covenant of good faith and fair dealing in the insurance policy, and for any extra-contractual, consequential damages in that cause of action, without prejudice.

<u>The Deceptive Acts and Practices Claim is Dismissed.</u>

New York General Business Law § 349 provides that "[d]eceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in this state are hereby declared unlawful." N.Y. Gen. Bus. Law § 349. Section 349 requires a plaintiff to establish "(1) acts or practices that are 'consumer oriented'; (2) that such acts or practices are deceptive or misleading in a material way; and (3) that plaintiff has been injured by reason of those acts." *Depasquale v.*

*Allstate Ins. Co.,* 179 F. Supp. 2d 51, 58 (E.D.N.Y. 2002). An act or practice is "consumer oriented" when it has "a broad impact on consumers at large; private contract disputes unique to the parties would not fall within the ambit of the statute." *Perfect Dental, PLLC v. Allstate Ins. Co.,* 2006 WL 2552171 *2 (E.D.N.Y. 2002); *Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank,* 85 N.Y.2d 20 (N.Y.1995).

Defendant Nationwide argues that the Bartletts' second claim fails to state a cause of action because they have not alleged sufficient facts from which the existence of a consumer-oriented scheme may be inferred. Whether a practice is "consumer oriented" involves: (i) the amounts of money at stake; (ii) the nature of the contracts at issue; and (iii) the relative sophistication of the parties. *Interested Underwriters at Lloyd's of London Subscribing to Policy # 991361018 v. Church Loans & Invs. Trust,* 432 F.Supp.2d 330, 332 (S.D.N.Y.2006) (*citing N.Y. Univ. v. Continental Ins. Co.,* 87 N.Y.2d 308, 320–21 (N.Y.1995)). None of these factors is dispositive. *Id.* Instead, these considerations as a whole inform the determination whether "disputed acts or practices have a broader impact on consumers at large." *Oswego,* 85 N.Y.2d at 25.

"Courts almost uniformly find that disputes between policy holders and insurance companies concerning the scope of coverage are nothing more than private contractual disputes that lack the consumer impact necessary to state a claim pursuant to Section 349." *Perfect Dental, PLLC, supra* *2. Courts have, however, found the requirement of allegations of a consumer-oriented practice

"satisfied where plaintiffs expressly allege the existence of a claim settlement policy designed to deceive certain categories of policyholders." *USAlliance Fed. Credit Union v. Cumis Ins. Soc'y, Inc.,* 346 F. Supp. 2d 468, 471-73 (S.D.N.Y. 2004).

To successfully plead a New York General Business Law § 349 cause of action in this context, a plaintiff must plead factual allegations of consumer-oriented acts or practices with some specificity: "[c]onclusory allegations, even of the existence of a claim settlement policy designed to deceive the public, are not sufficient to state a claim under § 349 in the absence of factual allegations in support thereof." *Lava Trading Inc. v. Hartford Fire Ins. Co.,* 326 F.Supp.2d 434, 438 (S.D.N.Y. 2004). Assertions based on "information and belief" are not sufficient. *Harary v. Allstate Ins. Co.,* 983 F. Supp. 95, 98 (E.D.N.Y. 1997). Merely alleging use of standard policy language and a breach by an insurer fails to satisfy the requirement of alleging a consumer-oriented practice. *USAlliance,* 346 F. Supp. 2d at 472 n.3; *Infostar Inc. v. Worcester Ins. Co.,* 924 F.Supp. 25, 28 (S.D.N.Y. 1996). A § 349 claim based only upon well-pleaded facts that support a breach of contract cause of action is invalid as a matter of law. *Spagnola v. Chubb Corp.,* 574 F.3d 64, 74 (2d Cir. 2009).

In responding to defendant Nationwide's motion to dismiss, the Bartletts rely upon *Acquista v. N.Y. Life Ins. Co.,* 730 N.Y.S.2d 272, 279 (1st Dept. 2001), for the proposition that alleging an insurer's deceptive policy is sufficient to demonstrate a consumer-oriented practice. *Acquista* was decided pursuant to New York state court pleading standards that do not apply in federal court, however.

Under the Federal Rules of Civil Procedure "the pleading standard . . . does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me allegation. . . . A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Iqbal,* 556 U.S. at 678 (*internal quotations and citations omitted*).  The Bartletts allege only defendant Nationwide's use of standard policy language with conclusory allegations based upon "information and belief."  The plausibility requirement that applies in federal court "is not akin to a 'probability requirement,' but asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal,* 556 U.S. at 678.  Plaintiffs second claim alleging a violation of New York General Business Law § 349 therefore fails to state a claim for which relief can be granted and is dismissed without prejudice pursuant to Fed. R. Civ. P. 12(b)(6).

## CONCLUSION

For the reasons stated above, the motion of defendant Nationwide Mutual Fire Insurance Company pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss the claims of plaintiffs Roy C. Bartlett and Randi Bartlett alleging a breach of an implied covenant of good faith and fair dealing, and of a violation of New York General Business Law § 349, are granted, without prejudice.  Because these claims are dismissed, the Bartletts' consequential damages claims are necessarily also dismissed.  If the Bartletts seek to file an amended complaint with any claim of bad faith, they are directed pursuant to Fed. R. Civ. P. 8(d) to designate the claim a separate cause of action from a breach of contract cause of action.

9

The Court deemed defendant Nationwide's motion to dismiss submitted without oral argument pursuant to Fed. R. Civ. P. 78(b) after carefully considering the parties' arguments and concluding oral argument was unnecessary.  The action will be referred to a Magistrate Judge pursuant to 28 U.S.C. § 636(b) for further pretrial proceedings.

SO ORDERED.

*s/ Richard J. Arcara*
HONORABLE RICHARD J. ARCARA
UNITED STATES DISTRICT JUDGE

DATED: February 19, 2013